## E. H. F. WOLTERS *v.* F. H. REDWARD.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JUNE 23, 1904.   DECIDED JULY 11, 1904.

FREAR, C.J., HARTWELL AND HATCH, JJ.

LOST BOND—*secondary evidence:*

A party offering secondary evidence of the contents of a lost paper must show that he has in good faith exhausted in a reasonable degree all sources of information and means of discovery which the nature of the case would naturally suggest and which were accessible to him.

DEGREE OF DILIGENCE.

The character and importance of a lost document will control as to the degree of diligence to be used in the search.

SAME.

In a suit against the principal on a bond by the surety who had paid the bond, the same having been given to a building committee of a Masonic Lodge to secure the performance of a building contract, search for the lost bond having been made of each of the sur-

viving members of the building committee and of the secretary of the lodge and of the attorney who compelled payment by the surety, held secondary evidence was admissible.

## OPINION OF THE COURT BY HATCH, J.

This is an action to recover the sum of $1594.80, being money which the plaintiff had paid on the defendant's account to satisfy the terms of a bond given by the defendant as principal and signed by the plaintiff as surety to a building committee of Hawaiian Lodge No. 1 of Free and Accepted Masons, which bond was given to secure the faithful performance of a building contract entered into between the defendant as contractor and the committee of said lodge as owners. Default was made in the performance of the building contract and a judgment recovered against the defendant Redward by the committee of the lodge in the sum of $1623.12. Demand was thereupon made upon the plaintiff, as surety upon said bond, for the payment of said judgment. The plaintiff made a compromise and paid the sum of $1220 in satisfaction of the bond. This action was then brought by plaintiff for indemnity. Upon coming on for trial the plaintiff, having shown that the bond in question was lost, offered parole testimony as to the contents of the bond. This was properly excluded when the offer was first made, plaintiff at that time not having brought himself within the rule; plaintiff subsequently produced as witnesses all of the surviving members of the building committee of the lodge, also the secretary of the lodge, also Mr. Cecil Brown, the attorney who collected the sum of $1220 from the plaintiff on behalf of the lodge. None of these persons could give any light as to the whereabouts of the bond, although each had been requested to search for the same. Two members of the committee had died, and Mr. Ripley, the architect under whose supervision the building was constructed and who at one time is shown to have had possession of the bond, was not in the country at the time of the trial and no attempt had been made by the plaintiff to obtain his testimony. The fact that Mr. Ripley was not in the country at the time of

the trial would hardly relieve the plaintiff from the imputation of negligence in not having made some search at his office during the year or more in which Mr. Ripley was in the country after the suit was brought. We think, however, that further search of Mr. Ripley became immaterial in consequence of the evidence that the bond was in the hands of Mr. Cecil Brown at the time he made his demand upon the plaintiff. Under all the circumstances of the case we think the plaintiff made a showing of reasonable diligence, in his search for the lost instrument, and that consequently evidence of the contents of the bond should have been received when the same was last offered during the course of the trial. There is no question at all as to the rule in such cases. The rule is clearly laid down in *Simpson v. Dall,* 3 Wall, 460. "In order to show the loss of the letters it was necessary to prove that a diligent search had been made for them where they were most likely to be found. There is no general rule as to the degree of diligence in making the search, but the party alleging the loss is expected to show that he has in good faith exhausted, in a reasonable degree, all sources of information and means of discovery which the nature of the case would naturally suggest and which were accessible to him." We do not desire to derogate in the slightest from the strictness of the rule. The difficulty lies in the application of the rule. While the case is close upon the border-line we think that the plaintiff went as far as was necessary in order to entitle him to offer secondary evidence. The instrument was one which had never been in the custody of the plaintiff; he had never been entitled to its custody prior to the time of the payment of the bond. There is nothing in the evidence to cast any suspicion upon the plaintiff's good faith in the matter. He should not lose his entire remedy through want of care of others for whose conduct he had no responsibility whatever. The character of the instrument is a material factor in determining the amount of diligence to be used in searching for the lost instrument. This is pointed out in *Wiseman v. H. P. R. R.,* 20 Ore. 429. This case applies the rule with extreme strictness; in fact to a greater degree of strict-

ness than we are disposed to adopt in the case at bar. In that case, however, it is pointed out that "If the document be a valuable and important one, which the owner would be likely to preserve, a more diligent search would be required than if the document is of little or no value. The bond in question changed in character completely upon the payment being made by the plaintiff to Mr. Brown. After payment it became a mere piece of waste paper as far as the lodge was concerned, the payee under the bond, and there is no reason why Mr. Brown should have preserved it. There was absolutely no reason to expect that this paid and cancelled bond should be found among the archives of the lodge. A rule which would have required an examination of every document in the archives of the lodge as a prerequisite to the offering of secondary evidence, under the circumstances of this case, would practically amount to a denial of justice. The same observation may be made in regard to the search of Mr. Brown's office. The document had lost all value as far as Mr. Brown and his clients were concerned and they had no interest in preserving it. The plaintiff would have been entitled to the possession of the bond at this moment. He did not make the payment in person and it does not appear from the testimony that the bond in fact passed into his possession. It should be observed also that the plaintiff is not suing upon the bond. The plaintiff's cause of action is for money paid on behalf of the defendant, at his request. There was no dispute as to the fact of the existence of the bond and it is of importance in the plaintiff's case only as evidence that plaintiff in making the payment on defendant's account was acting with defendant's authority.

As to the deceased members of the building committee, search should have been made among the papers of their estates if there had been any proof whatever that the lost document had at any time been in the individual possession of the deceased members of the committee. We think that such search in this case was unnecessary for the reason above stated that the bond was plainly shown to have been in the possession of Mr. Brown at the

period subsequent to that at which any members of it could have had any interest in the bond.

Under all the circumstances we think the exception should be sustained and a new trial had, and it is so ordered.

*J. A. Magoon* and *J. Lightfoot* for plaintiff.

*W. T. Rawlins* for defendant.